People v Taylor

2026 NY Slip Op 02936

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Jeffrey Taylor, Appellant.

Decided and Entered: May 12, 2026

SCI No. 5259/14|Appeal No. 6567|Case No. 2016-1082|

Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'Neill Levy, JJ.

The Legal Aid Society, New York (IvÁn Pantoja of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Charles H. Solomon, J.), entered on or about February 23, 2016, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant waived his argument that the court improperly conducted a combined SORA hearing and rendered a single risk assessment in adjudicating defendant's risk level for this conviction and a separate case, where defendant was convicted of the same charge for conduct that occurred on the same day (see People v Ayala, 220 AD3d 516, 516 [1st Dept 2023], lv denied 41 NY3d 907 [2024]; see also People v Taylor, 193 AD3d 600 [1st Dept 2021]). We decline to address it in the interest of justice.

Also, defendant failed to preserve his contention that, when he was not released as originally anticipated, the court violated his due process rights by conducting the SORA hearing earlier than the time period prescribed by statute (see e.g. Correction Law §§168-l[6] and 168-n[2]), and we decline to review it in the interest of justice. In any event, the statute states that "[a] failure by a . . . court to render a determination within the time period specified in this article shall not . . . prevent a court from making a determination regarding the sex offender's level of notification" (Correction Law § 168-l [8]). Moreover, a defendant cannot prevail on a due process challenge premised on the untimeliness of his SORA adjudication without showing that the untimeliness "prejudiced his ability to present his or her case to the SORA court" (People v Collier,— NY3d —, 2026 NY Slip Op 00074, *5 [2026]), which was not the case here.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026